UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHARY LIDDELL,

        Petitioner,

v.                                          CIVIL CASE NO. 10-12016
                                             HONORABLE PATRICK J. DUGGAN

PEOPLE OF THE STATE OF
MICHIGAN and VALERIE M. STEER,

        Respondents.

_____/

**OPINION AND ORDER
VACATING THE ORDER FOR RESPONSIVE PLEADING,
DISMISSING THE HABEAS CORPUS PETITION,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on June 22, 2010.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

I. Introduction

Petitioner Khary Liddell ("Petitioner") has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to challenge two misdemeanor convictions for (1) attempting to assault and resist or obstruct a police officer and (2) disturbing the peace. Petitioner alleges that, on February 6, 2007, the 30th District Court in Highland Park, Michigan sentenced him to twelve months in custody.

In an appeal to the Third Circuit Court of Michigan, Petitioner claimed that the trial court erred in denying his delayed motion for new trial and his renewed motion for a directed verdict of acquittal. The circuit court adopted the findings and conclusions of the district court on November 12, 2008. Petitioner appealed to the Michigan Court of Appeals, but the Court of Appeals dismissed his appeal on April 28, 2010, for lack of merit in the grounds presented.

Petitioner apparently did not seek relief from the Michigan Supreme Court. On May 19, 2010, he hand-delivered his habeas corpus petition to the Clerk of this Court. He alleges that he was not informed of the nature of the accusation against him, that his attorney was not prepared for trial, and that he was denied permission to admit evidence which would have resulted in a different verdict.

## II. Discussion

A federal district court may entertain an application for the writ of habeas corpus only if the prisoner is "in custody" in violation of federal law. 28 U.S.C. §§ 2241(c)(3), 2254(a). The Supreme Court has interpreted this language to mean that a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560 (1968)). The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.*, 490 U.S. at 491, 109 S. Ct. at 1925. "[O]nce the sentence imposed

for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*, 490 U.S. at 492, 109 S. Ct. at 1925.

Petitioner alleges that he was sentenced to twelve months in custody on February 6, 2007. By the time he filed his habeas corpus petition on May 19, 2010, he was no longer in custody for the convictions under attack. He has not satisfied the "in custody" requirement. The Court therefore lacks jurisdiction to adjudicate the merits of his claims.

Accordingly,

**IT IS ORDERED** that the order for responsive pleading [Dkt. #2] is **VACATED**, and the habeas petition [Dkt. #1] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.")

**IT IS FURTHER ORDERED** that a certificate of appealability may not issue, because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

**IT IS FURTHER ORDERED** that, if Petitioner chooses to appeal this decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies mailed to:  Khary Liddell
813 Ethan Drive
Westland, MI 48185

Michigan Attorney General
Habeas Corpus Division
525 W. Ottawa Street
P. O. Box 30212
Lansing, MI 48909